IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK OTIS BOATWRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-54 (MTT) |
| ANTHONY WASHINGTON, *et al.*, | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on pro se Plaintiff Mark Boatwright's response (Doc. 5) to the Court's Order (Doc. 4) dated March 31, 2011. In that Order, the Court granted the Plaintiff's Motion to Proceed in Forma Pauperis, but reserved ruling on the issue of frivolity until the Plaintiff submitted a response advising the Court as to any reason that his claims should not be barred by the two-year statute of limitations applicable to section 1983 actions in Georgia.

In his response, the Plaintiff alleges that his claims should not be barred by the statute of limitations because (1) he was not actually aware of the harm until over three and a half years after July 13, 2007; (2) due to a back injury, he became physically and mentally incapacitated, rendering him incapable of acting for himself and carrying on his business in prosecuting his claim; and (3) the limitations period should have been tolled while the Plaintiff exhausted his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Federal law determines when the statute of limitations is triggered, and it begins to run "from the date the facts which would support a cause of action are apparent *or should be apparent to a person with a reasonably prudent regard for his rights.*" Brown v. Ga. Bd. of Pardons and Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (emphasis added). Thus, the test for when the limitations clock begins to run is an objective one, not a purely subjective test as the Plaintiff would have the Court apply. The Plaintiff alleges in his complaint that between October 24, 2006 and June 6, 2007, the Defendants, while acting on concert, conspired to withhold his legal mail, including alleged court transcripts, records, and other documents. The Plaintiff alleges that he received his mail on or about June 6, 2007. According to the Plaintiff, the Defendants' actions ultimately led to the denial or dismissal of his Certificate of Probable Cause/Appealability to the Supreme Court of Georgia on or about July 13, 2007. The Plaintiff did not file his complaint until February 16, 2011.

Although the Plaintiff claims that he, subjectively, "was not aware of the harm until over three and a half years after July 13, 2007," he does not give much explanation as to why this is the case. Moreover, even if he had explained the delay, that would not end the Court's inquiry because, as stated above, the test is an objective one. A person with a reasonably prudent regard for his rights would have been aware of the facts giving rise to the Plaintiff's claim at the time the allegedly withheld mail was finally delivered on June 6, 2007. At the very latest, the facts giving rise to a claim should have been apparent when the Plaintiff's Certificate of Probable Cause/Appealability was denied on July 13, 2007. Thus, the statute of limitations began to run, at the latest, on July 13, 2007.

Next, the Plaintiff claims that he sustained a back injury "on or about February 9, 2006 through October 25, 2007" that rendered him "physically and mentally incapacitated/disabled" and "incapable of acting for himself in carrying on his business and in prosecuting his claim." Under O.C.G.A. §§ 9-3-90 and 9-3-91, the statute of limitations may be tolled in limited circumstances when a person is mentally disabled. "The test for mental incapacity is not whether one did not manage his own affairs, acquiescing the management thereof by others, or whether one has merely managed his affairs unsuccessfully or badly. That one was not 'bright' or not clear about some matters occurring during the period is not evidence of mental incompetency…. The test is one of capacity - whether the individual, being of unsound mind, *could not* manage the ordinary affairs of his life." *Chapman v. Burks*, 183 Ga.App. 103, 105, 357 S.E.2d 832, 835 (1987) (internal quotation marks and citation omitted). Sections 9-3-90 and 9-3-91 "allow only mental, and not physical, disability to toll the time limitation." *Id.* at 106, 357 S.E.2d at 836. Whether a party has a disability that will toll the statute of limitations is a matter of law capable of resolution by the court. *See Whisnant v. Coots*, 176 Ga.App. 724, 726, 337 S.E.2d 766, 768 (1985).

Here, the Plaintiff has alleged that his back injury, and the resulting pain, depression, and stress, rendered him incapable of managing the ordinary affairs of his life, including the prosecution of this claim. However, a closer look at the Plaintiff's situation suggests otherwise. The Plaintiff's allegations of physical and mental incapacity simply do not rise to a level sufficient to support a tolling of the limitations period. Although the Court recognizes the effect a physical injury may have on one's mental capacity, the Plaintiff's alleged disability is, for the most part, physical, rather

than mental, in nature, and as noted above, a physical disability will not toll the time limitation.

Moreover, there is no evidence that the alleged disability prevented the Plaintiff from managing the ordinary affairs of his life. To the contrary, during the time period in which the Plaintiff alleges he was incapacitated and therefore unable to prosecute this claim, February 2006 to October 2007, he had **six** other cases pending before this Court, all of which were eventually dismissed.[1] As evidenced by his near-constant filing of and participation in those lawsuits, the Plaintiff was clearly competent to manage his daily affairs. Accordingly, the Plaintiff is not entitled to the benefit of tolling the statute of limitations based on mental disability.[2]

Last, the Plaintiff claims that the statute of limitations should be tolled during the time in which he exhausted his administrative remedies. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), makes exhaustion a precondition to filing a section 1983 action, and the Eleventh Circuit has noted the practice in other circuits of tolling the statute of limitations pending administrative exhaustion. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276 (11th Cir. 2001). According to the Plaintiff's complaint, he filed an informal grievance between June 6, 2007 and June 12, 2007. The Plaintiff's grievance

---

[1] *Boatwright v. OMI, Inc.*, 5:05-cv-266 (dismissed for failure to state a claim upon which relief may be granted); *Boatwright v. Sanford, et al.*, 5:05-cv-269 (dismissed for failure to exhaust administrative remedies prior to filing suit); *Boatwright v. Ivey, et al.*, 5:05-cv-270 (dismissed on summary judgment); *Boatwright v. Baldwin County, et al.*, 5:05-cv-279 (dismissed prior to service for failure to state a claim upon which relief may be granted); *Boatwright v. Felton, et al.*, 5:05-cv-431 (dismissed prior to service for failure to state a claim upon which relief may be granted); and *Boatwright v. Washington, et al.*, 5:07-cv-338 (habeas petition denied as procedurally defaulted).

[2] The frivolity of Mr. Boatwright's previous lawsuits, although noteworthy, has no bearing on the Court's determination of frivolity in this case.

was denied, as was the appeal of his grievance. In his response to the Court's Order, the Plaintiff informed the Court that he received the final denial of his grievance appeal on or about December 17, 2007. Thus, even if the statute of limitations was tolled from June 6 until December 17, 2007, while the Plaintiff exhausted his administrative remedies, the Plaintiff's complaint, filed February 16, 2011, was still not filed within the applicable two-year statute of limitations.

Accordingly, for the reasons set forth above and in the Court's previous Order, the Plaintiff's claims are time-barred, and this action is **DISMISSED.**

**SO ORDERED,** this 11th day of April, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT